IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 1:08-CV-3737-TCB |
| | : | |
| vs. | : | |
| | : | |
| JET ONE JETS, INC., a | : | |
| Delaware Corporation, LOUIS | : | |
| OTTIMO, ANTHONY | : | |
| OTTIMO, and AMERICAN | : | |
| EXPRESS COMPANY, a New | : | |
| York Corporation, | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF'S RESPONSE TO AMERICAN EXPRESS COMPANY'S RULE 12(B)(6) MOTION TO DISMISS

Comes now, Jay Williams ("Plaintiff"), by and through the undersigned counsel of record, and hereby responds to *American Express Company's Rule 12(b)(6) Motion to Dismiss and Memorandum in Support* (the "Motion") submitted by Defendant American Express Company ("Defendant"), and respectfully shows this Court as follows:

## I.  INTRODUCTION

Fed. R. Civ. P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests, ..."  Here, Plaintiff's Complaint did exactly what Rule 8 requires - it provided Defendants with fair notice of the nature of Plaintiff's claims and the grounds upon which they rest. The facts, if proved, would plainly entitle Plaintiff to the relief demanded.

In Plaintiff's Complaint, Plaintiff alleges that American Express acted to endorse Jet One Jets to its existing card holders[1], without performing an adequate inquiry into Jet One Jets[2], and that Jet One Jets turned out to be a fraud operated by Defendants Louis and Anthony Ottimo which used the American Express endorsement as part of a scheme to defraud consumers.  Plaintiff further alleges that American Express acted to inject into the stream of commerce what appears to be a stored-value card bearing the American Express logo[3], acted to endorse Jet One Jets to market this card, and that Plaintiff was thereby induced to his detriment[4] to pay money to Jet One Jets with the expectation that such funds would

---

[1] See Complaint (#1-3) ¶ 11.
[2] See Complaint ¶ 12.
[3] See Complaint ¶ 17.
[4] See Complaint Count V.

be held by American Express[5] and that Jet One Jets was indeed capable of providing the endorsed services.

Despite American Express Company's actions, which directly and proximately caused harm to Mr. Williams, American Express argues that it has no duty to Mr. Williams, although he is an American Express cardholder and a person who relied upon the American Express endorsement of Jet One Jets and explicit or implicit promise to stand behind the transaction.

Plaintiff shows herein that Defendant's 12(b)(6) Motion should be denied because the claims in Plaintiff's Complaint are not incredible on their face, that taken as true Plaintiff states a claim against American Express, that Plaintiff is entitled to conduct discovery to develop evidence which is uniquely in the possession of Defendants and which Plaintiff, as a consumer, cannot be expected to produce at this time, and because the determination of facts which underlie the questions of duty and negligence are within the purview of the jury.

---

[5] See Complaint ¶ 14-15.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. A Complaint Should Not Be Dismissed Under Fed.R.Civ.P. 12(b)(6) If Plaintiff Pleads Enough Facts To Raise A Reasonable Expectation That Discovery Will Reveal Evidence To Support The Claim.

The Court of Appeals has warned that "dismissal on pleadings is precarious."[6] The movant of a 12(b)(6) motion bears the burden to show that the plaintiff fails to state a claim.[7] While the United States Supreme Court recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' "[8], the Supreme Court replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level."[9] The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."[10]

---

[6] *Stern, Hays & Lang, Inc. v. M/V Nili*, 407 F.2d 549, 550 (5th Cir. 1969).
[7] *Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1387 (11th Cir.1998).
[8] *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).
[9] *Twombly*, 127 S.Ct. at 1965.
[10] *Id.*

In determining such plausibility, the Court must accept as true "all facts set forth in the plaintiff's complaint"[11] and must then construe the facts asserted and draw all reasonable inferences in the light most favorable to the plaintiff.[12] "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [the element] plausible.'"[13] The rules of pleading require "only enough facts to state a claim to relief that is plausible on its face."[14] In other words, enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element.[15] While "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"[16], a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations."[17]

---

[11] *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000) (citation omitted).

[12] *Erickson v. Pardus*, 127 S.Ct 2197, 2200 (2007*)*; *Twombly*, 127 S.Ct. at 1964; *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n. 1 (11th Cir.1999); *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir.1993).

[13] *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295-1296 (11th Cir.2007).

[14] *Twombly*, 127 S.Ct. at 1974 (citations omitted).

[15] *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1295-1296 (11th Cir.2007).

[16] *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.2002) (internal quotation marks and citation omitted).

[17] *Twombly*, 127 S.Ct. at 1964-1965 (citations omitted).

When a case is founded on diversity, the district court must deny a motion to dismiss if the motion to dismiss would fail in a state court of the forum state.[18]

## B. Defendants Are Not Entitled to Dismissal for Failure to State a Negligence Claim

### 1. When One Voluntarily Acts, A Duty To Exercise Ordinary Care Arises From The Foreseeable, Unreasonable Risk Of Harm From Such Conduct

In *Davis v. Blockbuster, Inc.*[19], the Georgia Court of Appeals summarized the elements of negligence, and the circumstances of when a duty arises, as follows

> To state a cause of action for negligence in Georgia, a plaintiff must show (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage ... from the breach.

> In other words, [n]egligence consists of exposing someone to whom a duty of care is owed to a foreseeable, unreasonable probability of harm. Foresight requires the ability to anticipate a risk of harm from the conduct in some form. Thus, the legal duty to exercise ordinary care arises from the foreseeable, unreasonable risk of harm from such conduct. Negligence is predicated on what should be anticipated, rather than on what happened, because one is not bound to anticipate or foresee and provide against what is unlikely, remote, slightly probable, or slightly possible.

---

[18] *Gay v. Heller*, 252 F.2d 313, 317 (5th Cir. 1958) ("That is all that is necessary to resist a motion to dismiss, for with jurisdiction based on diversity of citizenship the district court must pass on the merits of any case that would entitle a plaintiff to a trial on the merits in a Florida state court.").

[19] 258 Ga.App. 677,678-679, 575 S.E.2d 1, 2-3 (2002).

When one undertakes an act that he has no duty to perform and another person reasonably relies upon that undertaking, the act must generally be performed with ordinary or reasonable care; the person assuming such responsibility may be held liable for negligently performing the duties so assumed.[20]   The Georgia Supreme Court held that "[a] person owes to others a duty not to subject them to an unreasonable risk of harm."[21]   The Court of Appeals expanded that "[o]ne owes another the duty fixed by law not negligently or willfully or wrongfully to do an act which will probably injuriously affect him, unless there be legal justification."[22]   A party may impose a duty upon itself by making statements in advertisements.[23]

---

[20] *Harris v. Inn of Lake City*, 647 S.E.2d 277 (Ga.App. 2007); see also *Allstate Ins. Co. v. Sutton*, 290 Ga.App. 154, 658 S.E.2d 909 (2008) (everyone who attempts to do anything, even gratuitously, has an obligation to exercise some degree of care and skill in the performance of what he has undertaken).

[21] *Sutter v. Hutchings*, 254 Ga. 194, 197, 327 S.E.2d 716 (1985); c.f. *Crockett v. Uniroyal Inc.*, 772 F.2d 1524 (11th Cir. 1985) (one who undertakes to perform a task must perform it in a nonnegligent manner).

[22] *Frank Graham Co. v. Graham*, 90 Ga.App. 840, 842, 84 S.E.2d 579, 581 (1954).

[23] See, e.g. *Hertz Corp. v. Cox*, 430 F.2d 1365 (5th Cir. 1970) (automobile rental company which by magazine advertisements held out to public as a whole that company's rates included "insurance" or "proper insurance" imposed a duty upon itself.).

More specifically, "[o]ne is bound to anticipate and provide against what usually happens and what is likely to happen..."[24]  If one has reason to apprehend danger, it has a duty to take precautions.[25]  Courts use a sliding scale in evaluating whether a reasonably prudent person would foresee that his or her conduct might endanger the plaintiff, and as the gravity of the potential harm increases, the duty to prevent harm also increases.[26]  It is only necessary that the defendant foresee the possibility of some injury itself; the particular *manner* in which the injury occurs need not be foreseeable.[27]

> **2.  American Express Acted To Endorse Jet One, And Had A Duty To Mr. Williams To Exercise Ordinary Care To Avoid The Risk of Harm From Its Endorsement**

Plaintiff alleges in Count V of his Complaint that American Express was negligent in, *inter alia*, failing to investigate Jet One before endorsing them Jet One to high-end customers, failing to institute controls to ensure that funds transmitted to Jet One were kept by American Express, and failing to ensure that

---

[24] *Feldman v. Whipkey's Drug Shop*, 121 Ga.App. 580, 581, 174 S.E.2d 474, 475 (1970)
[25] *Poole v. City of Louisville*, 130 S.E.2d 157 (Ga.App. 1963).
[26] *Newmann v. U.S.*, 938 F.2d 1258 (11th Cir. 1991).
[27] *Smith v. Tenn. Valley Auth.*, 699 F.2d 1043 (11th Cir. 1983); Gilbert v. CSX Transp., Inc., 197 Ga.App. 29, 396 S.E.2d 447 (1990).

Jet One did not misuse the position of trust American Express put it in.[28]  The

AccessOne Card program was directed at high-end customers, such as Plaintiff, for

the purchase of private jet travel.[29]  These customers would not be expected to

transfer hundreds of thousands of dollars to a new and unknown company.

However, with the express endorsement of American Express[30], and the

representation that it is the American Express backed AccessOne Card which the

customer would be buying[31], the potential customer is reassured that the reputable

American Express will keep the funds[32], and that Jet One is a good company.[33]

Plaintiff expects to produce admissible testimony and evidence that Plaintiff was

within that class of persons which American Express could have reasonably

foreseen would rely upon the actions of American Express[34], and that American

Express therefore had a duty of care to Plaintiff.[35]

Because "the legal duty to exercise ordinary care arises from the foreseeable,

unreasonable risk of harm from such conduct,"[36] it is essential for the Plaintiff to

---

[28] Complaint ¶ 11-15, 73-74.
[29] Complaint ¶ 7, 9, 10.
[30] Complaint ¶ 11.
[31] Complaint ¶ 15-17.
[32] Complaint ¶ 15.
[33] Complaint ¶ 13.
[34] Complaint ¶ 17.
[35] Complaint ¶ 73-74.
[36] *Davis v. Blockbuster, Inc.*, 258 Ga.App. 677,678-679, 575 S.E.2d 1, 2-3 (2002).

conduct discovery on the *factual* background such as (1) what information American Express knew about Jet One, (2) whether Jet One's wrongdoing was foreseeable based upon its knowledge, (3) the risk of harm which American Express could have foreseen, and (4) whether that risk was unreasonable, to determine the *legal* issue of whether a duty thus arose.  However this key aspect of "foreseeability" in the determination of the existence of a duty, is inherently factual, and "foreseeability" is generally an issue for the jury.[37]  Therefore, it is premature at this point to determine the legal issue without the facts which inform its determination.

As noted previously, a duty may clearly arise when one *acts*.  Here, Plaintiff alleges that American Express acted in multiple ways, thereby assuming a duty to those affected by its acts.  First, American Express acted to endorse Jet One without a proper investigation or diligence; in short that it endorsed a company with disregard for whether that company was actually created to operate as fraud. Second, American Express acted by implying to customers that it would keep their funds in a stored-value "AccessOne Card".  Defendant's Brief points out that

---

[37] *Simmons v. Dept. of Human Resources*, 213 Ga.App. 98, 99(2), 443 S.E.2d 654 (1994); Once the facts are available, the Court may apply those facts to the law *as a matter of law*.  See *Strickland v. Vaughn*, 221 Ga.App. 636, 637, 472 S.E.2d 159, 161 (1996) ("What duty a defendant owed a plaintiff is a policy problem-a matter of law.").

Plaintiff's written contract with Jet One did not *expressly* promise that American

Express would hold the funds.  However, Plaintiff may produce evidence that there

is no other purpose for an American Express logo to appear on the card, if a non-

bank such as Jet One Jets were to be holding the money.  What other purpose

would American Express serve in the transaction?  Plaintiff is entitled to produce

evidence that it was foreseeable that consumers would expect that American

Express would provide this service in the transaction, and that American Express

was negligent in making this expected impression if not true.  A party may be

liable for negligence when it should have anticipated the *interpretation* of its acts.[38]

Third, American Express acted in negligently developing and operating a program

without controls, giving Messrs. Ottimo and their company Jet One the tools to

defraud customers, without checks & balances.

   Plaintiff expects to show that the harm to him was foreseeable.  The product

in trade was a stored-value card for the purchase of luxury travel, which

necessarily entailed the payment of large sums of money to Jet One.  Thus,

inherently, American Express knew that if it endorsed Jet One, that consumers

would transmit large sums of money to Jet One.  For Mr. Williams, he transmitted

$150,000.  The risk, if Jet One or its principals had a propensity toward fraud, was

---

[38] *Covil v. Robert & Co. Assoc.*, 112 Ga.App. 163, 144 S.E.2d 450 (1965)
(planning firm could be liable for anticipating contractor's interpretation of plans).

that consumers would each individually lose large sums, and that in the aggregate

consumers would lose millions of dollars.  This possibility is hardly remote, slight,

or extraordinary; it is the most direct possibility of endorsing nefarious

characters.[39]  Indeed, the risk of significant monetary loss by consumers is great,

especially where consumers may be expected to rely upon American Express's

good reputation in the market and transmit 6 or 7 figure sums of money in reliance.

Plaintiff intends to show, by conducting discovery and mustering evidence, that

American Express could have, with a minimum of burden, investigated Jet One

and its principals before acting to endorse it, and that the risk of harm to consumers

was great and outweighed the burden of investigation.  In fairness, Plaintiff should

not be deprived of this opportunity.

Because American Express acted, through a voluntary undertaking, to

endorse and select Jet One, and did so in a way which exposed consumers to risk, a

duty arose to the consumer Mr. Williams.   While American Express notes that it is

not a party to the document attached to Plaintiff's Complaint, a legal duty does not

---

[39] See *Poole v. City of Louisville*, 107 Ga.App. 305, 130 S.E.2d 157 (1963)
(whether from given conduct strong probability of risk should be foreseen must be
viewed in light of common experience and facts commonly known); accord *Allen
v. Gornto*, 100 Ga.App. 744, 112 S.E.2d 368 (1959) (question of whether a
reasonably prudent person should anticipate that a given result may be caused by
his negligence must be viewed in light of facts commonly known).

depend on a contract.[40]   Additionally, Plaintiff seeks to rescind the written contract

based upon the fraud of Defendants Jet One and Ottimo[41], rendering irrelevant any

integration clause therein.   Additionally, as Defendant American Express is not a

party or beneficiary to any alleged contract, the efficacy of which is not established

at this point, it cannot rely on the purported "entire agreement" between Mr.

Williams and Jet One.   American Express cites no authority for the proposition that

a contract between other parties relieves it of the tort of negligence, and Plaintiff's

review finds no support for this argument, however novel.

### C. Defendant is Not Entitled to Dismissal of Count VI.

O.C.G.A. § 13-6-11 establishes the circumstances in which a plaintiff may

recover the expenses of litigation as an additional element of his damages.[42] The

statute provides:

> The expenses of litigation generally shall not be allowed as a part of
> the damages; but where the plaintiff has specially pleaded and has
> made prayer therefor and where the defendant has acted in bad faith in
> making the contract, has been stubbornly litigious, or has caused the
> plaintiff unnecessary trouble and expense, the jury may allow them.

"For the plaintiff to recover [he] need only show any one of the three conditions to

exist."[43]   Every intentional tort invokes the species of bad faith that under § 13-6-

---

[40] *Coogle v. Jahangard*, 609 S.E.2d 151 (Ga.App. 2005); O.C.G.A. § 51-1-1.
[41] See Complaint ¶ 52.
[42] *Brown v. Baker*, 197 Ga.App. 466, 467, 398 S.E.2d 797, 799 (1990).

11 entitles the person wronged to recover attorney's fees.[44]  Additionally, under the

Supreme Court's "plausibility standard", it is not incredible at this pleading stage

that a jury may determine that American Express has exhibited bad faith, been

stubbornly litigious, or caused Mr. Williams unnecessary trouble and expense.

Plaintiff has fulfilled the requirements of Fed.R.Civ.P. 8 and O.C.G.A. § 13-6-11

and specifically made a prayer for damages under O.C.G.A. § 13-6-11 in Count VI

of the Complaint.[45]

### D. Plaintiff Should Be Allowed An Opportunity to Amend Before Dismissal

While Plaintiff shows herein that his Complaint should not be dismissed, if

the Court determines that his Complaint is insufficiently pled, Plaintiff should be

given an opportunity to amend his complaint before dismissal.  The Eleventh

Circuit prefers the district court give a plaintiff an opportunity to amend a

complaint rather than dismiss it when it appears that a more carefully drafted

complaint might state claims upon which relief may be granted.[46]

The Eleventh Circuit, in *Bank v. Pitt*, stated the rationale as follows:

---

[43] *Jackson v. Brinegar, Inc.*, 165 Ga.App. 432, 436, 301 S.E.2d 493 (1983).
[44] See *Kopp v. First Bank of Ga.*, 235 Ga.App. 520, 523-524, 509 S.E.2d 384 (1998)(citing *Dodd v. Slater*, 101 Ga.App. 358, 360, 114 S.E.2d 167 (1960)).
[45] See Complaint ¶¶ 91-93 and "Relief" ¶ 8.
[46] *Friedlander v. Nims*, 755 F.2d 810 (11th Cir.1985) (holding that dismissal is appropriate only after court gives plaintiff notice of complaint's deficiencies and an opportunity to amend).

> A district court's discretion to dismiss a complaint without leave to amend is 'severely restricted' by Fed.R.Civ.P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.' ... We note that the rule that a plaintiff be given at least one chance to amend his complaint before the district court dismisses it with prejudice is consistent with the Federal Rules' fundamental goal that disputes be resolved on the merits, rather than on the pleadings. Under the Federal Rules, 'the purpose of pleading is to facilitate a proper decision on the merits.' [*Conley v. Gibson*, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957)] . Dismissing an action without granting even one chance to amend is contrary to this goal."[47]

Accordingly, Plaintiff requests that this Court give him notice of any deficiencies in his Complaint and an opportunity to amend before any dismissal.

## III.   CONCLUSION

For all of the forgoing reasons, Defendant American Express is not entitled to a dismissal of Plaintiff's Complaint, and their motion for dismissal must be denied.  Alternatively, should the Court have any question as to the propriety of dismissal or the legal and factual basis of Plaintiff's claims, Plaintiff moves the Court to stay any ruling on this motion until the conclusion of discovery so as to allow for the submission of additional evidence.  Finally, Plaintiff moves this Court to give him notice of any deficiencies in his Complaint and an opportunity to amend before entering an order of dismissal.

**[Signature on Following Page]**

---

[47] *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991) (some internal citations omitted).

Respectfully submitted this 9th day of February 2009.

/s James R. Fletcher II
Michael Weinstock
Georgia Bar No. 746454
James R. Fletcher II
Georgia Bar No. 232541

*Attorneys for Plaintiff*
3405 Piedmont Road, N.E.
Suite 300
Atlanta, Georgia 30305
(404) 231-3999
(404) 591-6436 (facsimile)
Email: jfletcher@wslaw.net
        mweinstock@wslaw.net

## **L.R. 7.1 CERTIFICATION & CERTIFICATE OF SERVICE**

I hereby certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1 or, if type written, that the brief does not contain more than 10 characters per inch of type.  This document was prepared in Times New Roman 14 point font.

I hereby certify that on the 9th day of February 2009, I electronically filed the following documents:

1.  Plaintiff's Response To American Express Company's Rule 12(b)(6) Motion to Dismiss

with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Ronald B. Gaither, Jr.
Georgia Bar No. 282292
Counsel for Defendants Jet One Jet, Louis Ottimo, and Anthony Ottimo
1600 Parkwood Circle
Suite 400
Atlanta, GA 30339
Telephone: (770) 434-6868
Fax: (770) 434-7376
Email: rgaither@taylor-busch.com

Kenton J. Coppage
Georgia Bar No. 187190
Attorneys for Defendant American Express Company
Smith Moore Leatherwood, LLP
Atlantic Center Plaza, Suite 2300
1180 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 962-1000
Fax: (404) 962-1200
Email: kent.coppage@smithmoorelaw.com

I hereby certify that I have mailed by United States Postal Service the document(s) to the following non-CM/ECF participants:

Daniel K Ryan
Peter E. Pederson
Attorneys for Defendant American Express Company
Hinshaw & Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois  60601
Telephone: 312-704-3248
Fax: 312-704-3001
Email: dryan@hinshawlaw.com
Email: ppederson@hinshawlaw.com


                                                    s/James R. Fletcher II____
                                                    Michael Weinstock
                                                    Georgia Bar No. 746454
                                                    James R. Fletcher II
                                                    Georgia Bar No. 232541
                                                    Attorney for Plaintiff

Weinstock & Scavo, P.C.
3405 Piedmont Road, N.E., Suite 300
Atlanta, Georgia 30305
Telephone: (404) 231-3999
Fax: (404) 591-6436
Email: jfletcher@wslaw.net
Email: mweinstock@wslaw.net