IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | No. 1:08-cv-3737-TCB |
| JET ONE JETS, INC.; LOUIS | ) | |
| OTTIMO; ANTHONY OTTIMO; and | ) | |
| AMERICAN EXPRESS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

## I.   Background[1]

On or about December 12, 2007, Plaintiff Jay Williams and

Defendant Jet One Jets, Inc., a broker of chartered flight services, executed

a purchase agreement for the hiring of aircraft charter services ("the

Contract"). Pursuant to the Contract, Williams was to receive a credit of

$160,000 on a stored-value card to be used to purchase flight services

---

[1] As it must in an order on a motion to dismiss, the Court accepts all facts pleaded in the complaint as true and construes those facts in a light most favorable to Plaintiff, the nonmoving party. *See Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008).

through Jet One.[2]   The stored-value card was the "AccessOne Card" branded by Defendant American Express.

Williams's purchase resulted from the coordinated marketing efforts of Jet One and American Express.  American Express permitted Jet One to market and sell the American Express-branded AccessOne Card and endorsed Jet One to its existing card holders, including Williams.  As part of its campaign to solicit Williams to purchase the AccessOne Card, representatives of Jet One contacted Williams by telephone and e-mail. Jet One made a number of specific promises to induce Williams to make the deposit and enter into the Contract:  Jet One would (1) deliver Williams's payment to American Express; (2) obtain for Williams flight services with a market value of $160,000; and (3) deliver to Williams an AccessOne Card containing a credit balance of $160,000.

Although Williams made the agreed-upon deposit, Jet One did not deliver the AccessOne Card.  However, on February 6, 2008, Williams took a flight he booked through Jet One, and his account balance was debited $50,631.25 for the flight.  On July 9, 2008, Jet One confirmed that $109,368.75 remained in Williams's account.

---

[2] Williams deposited $150,000 into an account with Jet One and received an additional $10,000 promotional credit.

Days before his next scheduled Jet One flight, Defendant Louis Ottimo, a principal of Jet One, informed Williams that although Williams's positive account balance should have been adequate to cover the cost of that flight, Jet One had insufficient capital to pay for it.  He asked Williams for further payment.  Williams instead obtained a substitute provider for the flight.

On July 24, 2008, Williams's counsel sent a letter to Jet One, Louis Ottimo, and Anthony Ottimo, another Jet One principal, seeking to rescind the Contract.  Williams's credit balance has not been refunded, and Jet One has not provided him any additional flight services.  Williams believes that his $150,000 deposit was never delivered to American Express and that instead Louis and Anthony Ottimo retained the deposit for their own use.

In addition to the claims he brings against Jet One, Louis Ottimo and Anthony Ottimo, Williams also brings claims against American Express for negligence and attorneys' fees.   Presently before the Court is American Express's motion to dismiss, filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [16].

## II.   Discussion

### A.   Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief."   A pleading must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, however, if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The moving party bears the burden of demonstrating that the complainant fails to state a claim. *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998).   The allegations in the complaint are presumed true at this stage, and all reasonable factual inferences must be construed in the complainant's favor. *Douglas Asphalt Co.*, 541 F.3d at 1273.   However, "the court need not accept inferences drawn by plaintiff if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir.

1994); *accord Lewis v. Brautigam*, 227 F.2d 124, 127 (5th Cir. 1955).[3]  To

survive a motion to dismiss, the factual allegations in the complaint "must

be enough to raise a right to relief above the speculative level." *Twombly*,

127 S. Ct. at 1965.

## B.    Analysis

Williams alleges that American Express "had a duty to exercise

ordinary care in the operation, processing, use and endorsement of the

AccessOne Card as well as with respect to the merchants it permitted

and/or authorized to use[,] market, sell, or advertise the AccessOne Card."

He contends that American Express breached this duty when it

inadequately investigated Jet One prior to endorsing it and permitting it to

sell the American Express-branded AccessOne Card; failed "to put in place

proper controls to ensure customers' payments for the AccessOne Card

were deposited with American Express"; failed "to put in place proper

controls to ensure Jet One properly used the AccessOne Card program and

the American Express endorsement"; failed to keep Williams's credit

balance on deposit; permitted Jet One to use the AccessOne Card program

---

[3] The United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

improperly; and failed "to put in place controls to ensure that the terms of the AccessOne Card were not violated."

American Express contends that the "complaint and [Williams's] agreement with Jet One show that American Express Company did not owe him a duty to ensure that Jet One performed its obligations or to protect [Williams] against Jet One's alleged misconduct." Although it acknowledges that Williams alleges in the complaint that American Express endorsed Jet One to the public and allowed Jet One to offer for sale an American Express-branded card, American Express characterizes itself as "merely doing business with Jet One." Thus, American Express argues, "in the absence of any statute or contract obligating American Express Company to protect plaintiff against loss caused by Jet One," it had no duty "to prevent Jet One from causing the loss alleged in the complaint." Finding no such statute or contract, American Express concludes that it owed Williams no duty and that Williams therefore "has not stated a claim for negligence."

Alternatively, American Express contends that even if it did act to endorse Jet One and allow it to sell an American Express-branded

AccessOne Card, under Georgia law, it still had no duty to prevent the loss alleged by Williams.

### 1.    Negligence[4]

To state a cause of action for negligence in Georgia, the plaintiff must show:

> (1) a legal duty to conform to a standard of conduct raised by law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) loss or damage from the breach.

*Davis v. Blockbuster, Inc.*, 258 Ga.App. 677, 678, 575 S.E.2d 1, 2 (2002) (citation and internal punctuation omitted).  When one undertakes an act that he has no duty to perform and another person reasonably relies upon that undertaking, the act must generally be performed with ordinary or reasonable care; the person or entity assuming the responsibility may be held liable for negligently performing it.  *Osowski v. Smith*, 262 Ga. App. 538, 540, 586 S.E.2d 71, 73-74 (2003).  A party may impose a duty upon itself by making statements in advertisements.  *See, e.g., Hertz Corp. v. Cox*, 430 F.2d 1365, 1371 (5th Cir. 1970) (automobile rental company that

---

4 Because it was raised for the first time in American Express's reply brief and therefore has not been properly argued, the Court will not address American Express's argument that Williams's negligence claim is barred under the economic loss rule.

advertised that its rates included "proper insurance" imposed a duty upon itself not to exclude passenger liability claims).

As an initial matter, the Court finds that American Express may not avoid the allegation that it had a duty to Williams simply by stating that its involvement with the sale of the AccessOne Card to Williams was limited to "merely doing business with Jet One." Williams has sufficiently alleged facts that, when reasonably construed in his favor, establish that the evidence may show that American Express endorsed Jet One directly to Williams and allowed Jet One to leverage the American Express brand to sell the AccessOne Card to Williams.

Specifically, Williams alleges that American Express: "endorsed" Jet One to its existing cardholders, including Williams; "permitted Jet One to market and sell the American Express Branded 'AccessOne Card'"; "promised to end-users that American Express would keep deposits of funds . . . and release funds in the end-user's credit balance for payment of flights"; was a "sponsor and promoter of the AccessOne Card"; and "took deliberate action to inject the AccessOne Card product into the stream of commerce, intending and directing that the product be sold throughout the United States, . . . and knowing Jet One would market and sell the product

in Georgia." Williams also shows that his purchase of "the AccessOne Card branded by American Express®" was an express element of the Contract he executed with Jet One. Thus, the Court finds plausible Williams's claim that his purchase decision was based at least in part upon American Express's marketing of the AccessOne Card.[5]

Furthermore, the Georgia law American Express cites does not establish that a party may never be held accountable for the wrongdoing of a third party it endorses. In *DaimlerChrysler Motors Co. v. Clemente*, the court did indeed find that Chrysler, merely by entering into a dealership agreement and certifying the dealer as "Five Star," did not impose a duty upon itself to ensure that the dealership was financially solvent and honest in its dealings with customers. 294 Ga. App. 38, 50-51, 668 S.E.2d 737, 749-50 (2008).

*DaimlerChrysler*, however, was decided upon a motion for summary judgment. The court first reviewed evidence that the advertisements featuring the Five Star certification represented to the public that the dealership offered "superior products and service to the public" and

---

[5] The Court makes this finding despite American Express's novel argument that the merger clause in the Contract between Jet One and Williams (to which American Express was not a party) releases American Express from "any representations or promises" made outside the four corners of the Contract. American Express provides no authority to support its assertion and the Court knows of none.

provided "superior performance." It then determined that "[t]hese types of generalized representations cannot serve as the basis for a . . . negligent misrepresentation claim" and went on to hold that "[w]here . . . the alleged representation consists of general commendations or mere expressions of opinion, hope, expectation and the like, the claim must fail." *Id.* at 51, 668 S.E.2d at 749 (citation and internal punctuation omitted).

Here, American Express moves the Court to dismiss the action on the pleadings. Williams has alleged that had American Express not endorsed Jet One and the AccessOne Card and permitted Jet One to leverage the American Express brand, he would not have deposited the $150,000 with Jet One. Whether American Express's communications and actions were sufficient to establish that American Express undertook any duty to Williams remains a question of fact. Consequently, Williams is entitled to discovery, and American Express's motion to dismiss Williams's claim for negligence is due to be denied.

### 2.   Attorneys' Fees

Expenses of litigation generally are not allowed as part of damages, but under Georgia law, they may be granted when the defendant "has acted

in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." O.C.G.A. § 13-6-11.

In its motion to dismiss this claim, American Express contends only that because Williams's negligence claim should be dismissed, his claim for attorneys' fees must also fail. The Court's determination that Williams's negligence claim may proceed negates the argument.

At this early stage in the case it is not impossible that facts may emerge showing that American Express has acted in bad faith, has been stubbornly litigious, or has caused Williams unnecessary trouble and expense. Therefore the Court will also deny American Express's motion to dismiss Williams's claim for attorneys' fees.

## III. Conclusion

For the foregoing reasons, the Court DENIES American Express's motion to dismiss [16].

IT IS SO ORDERED this 1st day of July, 2009.

_____
Timothy C. Batten, Sr.
United States District Judge